ROSE DONOHUE, Plaintiff, *v.* U. S. HOFFMAN MACHINE COR-
PORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District,
December 13, 1926.

**Negligence — action for personal injuries suffered by pedestrian when
machine being hoisted by means of rope fell to sidewalk — breaking of
rope and falling of machine under circumstances constitutes negligence
and under rule of res ipsa loquitur plaintiff may recover.**

In an action for personal injuries suffered by plaintiff while walking on the
sidewalk adjacent to defendant's building when machinery, which was being
hoisted by means of a rope, fell, the breaking of the rope and the falling of the
machinery, in the absence of any proof upon the part of the defendant that
precautionary measures were taken by it, constitutes negligence and, under
the rule of *res ipsa loquitur*, plaintiff is entitled to recover.

ACTION for negligence.

*Charles S. Rosenthal*, for the plaintiff.

*Emmett, Marvin & Martin*, for the defendant.

PANKEN, J.   Plaintiff's claim for damages from the defendant
is predicated on the theory of negligence.

The facts testified to are substantially as follows:   On the day
when the accident occurred, the plaintiff, while on First avenue
near Eleventh street, about eight or ten feet from the building
line, was struck by a piece of metal, causing injuries to the right
side of her head.   The defendant at that time was engaged in
hoisting machinery to an upper part of the building, using rope
in the operation.   The rope broke, and the machine fell to the
ground, and in falling struck some railing near the house and
broke it.   It is not clear as to whether a portion of the machine
or a part of the railing struck the plaintiff.   That is, however,
immaterial.   If the defendant is liable, it would be liable whether
a part of the machine it was hoisting broke away and struck the
plaintiff or a part of the railing which the machine caused to break
struck her.

This is a case which falls directly within the rule of *res ipsa
loquitur*.   It is uniformly accepted that this rule means that where
an accident occurs through an agency or instrumentality under
control of a defendant, and the plaintiff is injured, in the absence
of explanation by the defendant and the occurrence itself furnishes
at least *prima facie* evidence of want of care on the part of the
defendant which caused the accident, " the act speaks for itself."

In the case of *Courtney* v. *Gainsborough Studios* (186 App. Div.

Municipal Court of New York, December, 1926.          [Vol. 128

820) the court holds: " Such rule does not relieve a plaintiff from proving that his injuries resulted from negligence of the defendant, but merely goes to the character and degree of proof required under certain circumstances. Where the accident could not have occurred, except as the result of some negligence for which the defendant is responsible, then his negligence is presumed, and he is called upon to explain."

In the case of *Huscher* v. *New York & Queens El. L. & P. Co.* (158 App. Div. 422) the court says: " A cause of action is not complete by proof of the occurrence of an injury. In addition thereto there must be evidence of a wrongful act or an omission of duty upon the part of the person on whom it is sought to charge liability. In some instances this is accomplished by direct evidence, showing precisely the character of the act or the omission, and its culpable nature. In some cases the evidence is circumstantial and not direct, and in civil actions it is not necessary that plaintiff should exclude the possibility that the occurrence might have happened in any other way than that alleged. Given defendant's responsibility for such causal act or omission, and it is sufficient if the inference that it occurred as alleged fairly preponderates over any other inference or conclusion that may be drawn from the evidence. * * * In any case, however, there must be evidence of one sort or the other. ' Res ipsa loquitur ' is a concise way of saying that the circumstances shown to have been attendant upon an occurrence producing injury are themselves of such a character as to justify a jury in inferring negligence as the cause thereof."

The accepted rule is as laid down and cited with approval in *Huscher* v. *New York & Queens El. L. & P. Co.* (*supra*): " The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspecion or user; both inspection and user must have been at the time of the injury in the control of the party charged."

In the instant case it is admitted that the apparatus and the rope which were used to hoist the machine were in and under the control of the party charged. The plaintiff had a right to be on the sidewalk which is maintained by the municipality for the common use of pedestrians. The breaking of the rope and the falling of the machine and the other circumstances attendant thereon testified to by the plaintiff make this a case of *res ipsa loquitur*. One of the defendant's witnesses testified that he had inspected the rope, which was one that had been in use for some six or seven months prior to the occurrence of the break therein. There was also testimony that the life of one of these ropes was about six months. So that the rope in use at the time this accident

occurred was " on its last legs." The manner in which it was inspected or examined by the defendant's witness as testified to by him leads me to conclude that it was a casual inspection rather than a thorough one.

There has been no proof adduced on the part of the defendant of any precautionary measures having been taken by it in hoisting this heavy machine on a rope from the sidewalk maintained for the use of pedestrians. It has not exercised that degree of care which is required of reasonably prudent human beings in hoisting machinery of this type on a rope from the sidewalk upon which the plaintiff had a right to be. The negligence chargeable to the defendant as shown by the plaintiff under the rule of *res ipsa loquitur* has not been explained by the defendant. All of the evidence in the case indicates failure on the part of the defendant to use reasonable care in hoisting the machinery upon a rope which broke and caused these injuries and damages to the plaintiff.

Judgment is directed in favor of the plaintiff for the sum of $850.